UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ILLINOIS

IN RE:      MICHLE WANE BORING,                    Case no. 05-34260

                          Debtor.                  Chapter 13

## ORDER OVERRULING DEBTOR'S OBJECTION TO
## CLAIM #6-1 OF LYNN BORING

The debtor filed his Chapter 13 petition on September 13, 2005.   On the same date, he filed a Chapter 13 plan which proposed to pay a $4,000 priority domestic support obligation to his ex-wife, Lynn Boring.   The Court ordered that plan confirmed on November 30, 2005.

The bar date for filing proofs of claim was March 13, 2006.   On November 9, 2006, Lynn Boring filed a motion asking the Court for leave to file a late claim, indicating that she did not receive notice of the bankruptcy filing until after the bar date had passed.   The Court granted that motion on November 14, 2006, and on November 15, 2006, Ms. Boring filed a proof of claim for a $12,644 priority domestic support debt.

The debtor filed an amended plan on January 30. 2009.   This plan, like the original plan, proposed to pay Ms. Boring $4,000 as a priority domestic support obligation.   A few days later, on February 3, 2009, the debtor filed the instant objection to Ms. Boring's claim.   On February 12, 2009, Ms. Boring responded to the debtor's objection.   For the reasons that follow, this Court

overrules the debtor's objection to the claim and allows the claim as filed.

The Domestic Support Order

On July 22, 2005, the Madison County Circuit Court issued an order in the debtor's family case. The order indicates that the January 30, 2003 Judgment of Dissolution of Marriage and Marital Settlement Agreement which dissolved the debtor's marriage to Lynn Boring provided that the debtor was to pay $400 per month in child support and $100 per month in maintenance to Ms. Boring. The order further stated that in the two-and-a-half years since that time, the debtor had refused to make those court-ordered payments, and that this refusal had resulted in the debtor owing a substantial arrearage to Ms. Boring. As a result of this arrearage, Ms. Boring filed a Petition to Show Cause against the debtor in the family court.

The parties stipulated to a resolution of that Petition to Show Cause, and the stipulation resulted in the July 22, 2005 Madison County Circuit Court's order. That order made clear that its provisions were the result of an agreement between the debtor and Ms. Boring. According to the order, the parties agreed to the following terms:

> A judgment in the amount of $11,600 is taken against the Petitioner Michael Boring and in favor of the Respondent Lynn Boring. The Respondent shall pay $3,000 upon the entrance of this order. The Petitioner then shall pay $4,000.00 upon sixty (60) days from the entrance of this order. If the Petitioner pays the above amounts then his past child support obligation shall terminate.
>
> If the Petitioner does [sic] pay the above amounts the Petitioner

2

> shall be obligated to pay the full amount of the above judgment.
> The Respondent is then free to file any additional petitions
> including but not limited to a petition to show cause to collect on
> the full amount of the judgment.   Interest shall occur at the
> statutory rate.

(In the first sentence of the second paragraph of the above agreed order,

between the words "does" and "pay," someone inserted the hand-written word

"not.")

The order makes clear the terms to which the debtor agreed–the family

court would enter against him a judgment in the amount of $11,600.   If he

paid Ms. Boring $3,000 upon entry of the agreed order, and then paid her an

additional $4,000 within sixty (60) days of the entry of the order, he no longer

would be on the hook for the $11,600 judgment.   If he did not pay $3,000

upon entry of the agreed order and another $4,000 within 60 days thereafter,

nothing would change regarding the judgment, and he would owe the entire

$11,600 plus statutory interest.

<u>The Undisputed Facts</u>

The parties do not dispute that the debtor paid Ms. Boring $3,000 at the

time the family court entered the agreed order.   Nor do they dispute that the

debtor *did not* pay Ms. Boring an additional $4,000 by September 20, 2005 (the

sixtieth day after the agreed order was filed).   Rather, on September 13,

2005–a week before the sixty-day time period expired for the debtor to pay the

remaining $4,000–he filed his Chapter 13 petition.

<u>The Parties' Positions</u>

3

There is no question that Ms. Boring has a valid claim against the debtor.   The debtor argues, however, that the amount of that claim should be only $4,000–the amount the agreed order required him to pay within 60 days in order to avoid responsibility for the full $11,600 judgment.   Ms. Boring responds that because the debtor did not pay the $4,000 within 60 days as provided in the order, he now owes the entire $11,600 judgment.

<u>Analysis</u>

The Code states that domestic support obligations owed "as of the date of the filing of the petition" are entitled to priority under § 507(a)(1)(A).   And § 1322(a)(2) requires that a Chapter 13 debtor's plan must provide for the "full payment, in deferred cash payments, of all claims entitled to priority under section 507," unless the holder of the claim agrees to different treatment.   Ms. Boring had not agreed to any different treatment, so the debtor's plan must provide for the "full payment" of whatever "domestic support obligation" that the debtor owed "as of the filing of the petition."

There is no question in this Court's mind that the debt the debtor owes Ms. Boring is a "domestic support obligation."   Section 101(14A) of the Code defines a domestic support obligation as a debt that accrues "before, on or after the date of the order for relief," that is "owed to or recoverable by . . . a . . . former spouse, or child of the debtor," "in the nature of . . . maintenance, or support . . . of such . . . former spouse, or child of the debtor," "established . . . by reason of the applicable provisions of a separation agreement , divorce

4

decree or property settlement" or "an order of a court of record," and "not assigned to a nongovernmental entity."   The debt the debtor owes Ms. Boring accrued before the petition date, is owed to his former spouse and child or children, is in the nature of maintenance and support, and was established by reason both of a divorce decree/marital settlement agreement and an order of a court.   Accordingly, the debt constitutes a "domestic support obligation."

The issue in dispute is the amount of that domestic support obligation. The debtor appears to argue, although he doesn't put it this way, that as of the date of filing–September 13, 2005–he owed Ms. Boring only $4,000.   Ms. Boring argues that as of the date of filing, the debtor owed her $8,600–the $11,600 judgment minus the $3,000 the debtor paid her upon entry of the order.

Ms. Boring's argument is supported by the family court's order.   The debtor's is not.   The July 22, 2005 order clearly states, "A judgment in the amount of $11,600 *is taken* against the Petitioner Michael Boring and in favor of the Respondent Lynn Boring."   The minute the family court entered that agreed order on July 22, 2005, it awarded to Ms. Boring a judgment in the amount of $11,600.   That judgment remained in force and effect against the debtor unless he did two things: (1) pay Ms. Boring $3,000 upon entry of the agreed order, and (2) pay her an additional $4,000 within 60 days thereafter. Unless and until he accomplished both of those tasks, he owed Ms. Boring $11,600.   The only way the $11,600 judgment would "go away," as it were, was

5

if the debtor were to make both of these payments, and to make them within the time frame specified.

The debtor appears to think that he had a second method available to reduce the $11,600 judgment.   He seems to think that he could file for bankruptcy on September 13, 2005–before the 60-day period for paying the last $4,000 expired–and that by doing so, he would guarantee that he needed to pay only $7,000 (and $4,000 of that over time) instead of $11,600.

He is wrong.   By not paying the remaining $4,000 within 60 days of the entry of the agreed order, and instead filing a Chapter 13 petition during that time period, he succeeded only in leaving in place the $11,600 judgment the family court entered against him in July 2005.   That judgment has been in place since July 22, 2005, because he did not take the actions required to reduce it.   Indeed, he deprived himself of one of the eight weeks the family court gave him to reduce it, because once he filed for bankruptcy a week before the deadline, any available funds he had became property of the estate, and he lost the ability to turn them over to Ms. Boring of his own volition and on his own terms.

"As of the date of the filing of the petition," then, the debtor still owed Ms. Boring $8,600 of the $11,600 judgment, plus statutory interest.   Accordingly, that is the amount of the "domestic support obligation" that the debtor owes Ms. Boring, and that is the amount that he must pay in full through his plan.

On additional note:   Ms. Boring's proof of claim lists a claim in the

6

amount of $12,644.   The July 22, 2005 order imposed a judgment of $11,600,

$3,000 of which the debtor paid at the time the order was entered.   It is not

clear to this Court where the $12,644 comes from–it may be the $8,600

balance the debtor owed on the $11,600 judgment plus interest.   Be that as it

may, the debtor objected to the claim on one ground only–that the July 22,

2005 order had reduced the obligation to $4,000.   He did not object based on

the calculation of interest, or the inclusion of any amounts beyond the July

2005 arrearage.   As discussed above, his objection on that ground is not

supported by the family court order.

Accordingly, the Court hereby **OVERRULES** the debtor's objection to

Claim #6-1 of Lynn Boring.    The Court **ORDERS** that Claim #6-1 of Lynn

Boring is **ALLOWED** in its entirety as a general, unsecured, priority claim

pursuant to 11 U.S.C. § 507(a)(1)(A).

ENTERED: May 1, 2009

/s/ Pamela Pepper
UNITED STATES BANKRUPTCY JUDGE/6